IN CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

DEMETRIA AMBROSE,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　Case No. CT-002367-II
　　　　　　　　　　　　　　　　　　　　　　　　　　　Div. VIII

NORTHSTAR FUNERAL SERVICES OF
TENNESSEE, LLC d/b/a MEMORIAL
PARK FUNERAL HOME,

    Defendants.

### NOTICE OF FILING OF REMOVAL

Please take notice that a Notice of Removal of this action from the Circuit Court of Shelby County, Tennessee to the United States District Court for the Western District of Tennessee, was filed with the Clerk of the United States District Court for the Western District of Tennessee, on June 15, 2011. A copy of the Notice of Removal is attached as **Exhibit A**.

                                    Respectfully submitted,
                                    EVANS | PETREE PC

_____
Michael R. Marshall　　　#15225
1000 Ridgeway Loop Road
Suite 200
Memphis, Tennessee 38120
(901) 525-6781



## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing instrument has been served upon James M. Simpson, Shawn R. Lillie, 80 Monroe Ave., Suite 650, Memphis, Tennessee 38120, via U.S. Mail, postage prepaid, this the 15th day of June, 2011.

*/s/ Michael R. Marshall*
Michael R. Marshall



**Service of Process Transmittal**
05/20/2011
CT Log Number 518549787

**TO:** John Hale, Jr., General Counsel
Northstar Memorial Group, Inc
1900 St. James Place, Suite 200
Houston, TX 77056

**RE:** **Process Served in Tennessee**

**FOR:** NorthStar Funeral Services of Tennessee, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Demetria Ambrose, Pltf. vs. NorthStar Funeral Services of Tennessee, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Return of Service, Complaint, |
| **COURT/AGENCY:** | Shelby County Circuit Court, TN<br>Case # CT-002367-11 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wrongful termination of employment on basis of Age |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/20/2011 at 12:00 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of the summons, not including the day of service |
| **ATTORNEY(S) / SENDER(S):** | James M. Simpson<br>Allen, Summers, Simpson, Lillie & Gresham, PLLC<br>80 Monroe Avenue, Suite 650<br>Memphis, TN 38120<br>901-763-4200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/20/2011, Expected Purge Date: 05/25/2011<br>Image SOP<br>Email Notification, Judith Spencer spencerj@nsmg.com<br>Email Notification, John Hale, Jr. halejo@nsmg.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 0221<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / DP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-002367-11

☒ Lawsuit
☐ Divorce

Ad Damnum $ _____

**Plaintiff(s):** Demetria Ambrose

**Defendant(s):** Northstart Funeral Services of Tennessee, LLC d/b/a Memorial Park Funeral Home

TO: (Name and Address of Defendant (One defendant per summons))

Northstart Funeral Services of Tennessee, LLC d/b/a Memorial Park Funeral Home
C/O Its Registered Agent for Service of Process: CT Corporation System
800 South Gay Street, Suite 2021
Knoxville, Tennessee 37929

**Method of Service:**
☐ Certified Mail
☐ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☒ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on James M. Simpson and Shawn R. Lillie Plaintiff's attorney, whose address is 80 Monroe Avenue, Suite 650, Memphis, TN 38103, telephone +1 (901) 763-4200 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE    Clerk

TESTED AND ISSUED MAY 17, 2011    By _____, D.C.

**TO THE DEFENDANT:**

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE, Clerk of the Court,
Shelby County, Tennessee, certify this to
be a true and accurate copy as filed this
_____

JIMMY MOORE, Clerk

By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __20__ day of __MAY__, 20__11__ at __10:10 AM__ M. a copy of the summons and a copy of the Complaint to the following Defendant __ERIKA MILLIGAN__ at __800. S. GAY ST #2021, Knoxville, TN 37929__

SERVED CT CORPORATION, REGISTERED AGENT FOR SERVICE OF PROCESS FOR __NORTHSTAR FUNERAL SERVICES OF TN, LLC__

_____
Signature of person accepting service

By: __Jennifer Pratt__
Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

---

Docket No: CT-002367-4

IN THE (CIRCUIT/CHANCERY) COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**SUMMONS IN A CIVIL ACTION**

Demetria Ambrose
Plaintiff

VS

Northstart Funeral Services of TN, LLC
Defendant

James M. Simpson and Shawn R. Lillie
Attorney for Plaintiff/Pro Se

901-763-4200
Telephone Number

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE,
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| DEMETRIA AMBROSE,<br><br>            Plaintiff,<br><br>v.<br><br>NORTHSTAR FUNERAL SERVICES OF TENNESSEE, LLC d/b/a MEMORIAL PARK FUNERAL HOME<br><br>            Defendant. | Case No. CT-002367-11<br>(JURY TRIAL DEMANDED) |

## COMPLAINT

COMES NOW, the Plaintiff, Demetria Ambrose ("Plaintiff" or "Ms. Ambrose") by and through her undersigned counsel and files this Complaint against Defendant NorthStar Funeral Services of Tennessee, LLC ("Defendant NorthStar") stating unto the Court as follows:

### PARTIES

1.  Plaintiff Demetria Ambrose is a citizen and resident of the State of Tennessee with her residence located at 5958 Austin Cove, Bartlett, TN 38134.

2.  Defendant NorthStar is a Delaware corporation. NorthStar maintains its principal place of business in the United States at 1900 St. James Place, Suite 200, Houston, Texas 77056. Defendant NorthStar's Registered Agent for Service of Process is CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

3.  Defendant NorthStar operates a funeral home located in Memphis, Shelby County Tennessee known as Memorial Park Funeral Home.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to T.C.A. § 16-10-101.

5. Defendant is subject to jurisdiction in the State of Tennessee.

6. Venue is proper pursuant to T.C.A. §§ 20-4-104 and 20-4-106, as this cause of action arose in, the employment relationship was performed in, and the Defendant NorthStar maintains offices and other places of business in Memphis, Shelby County, Tennessee.

## FACTS

7. Ms. Ambrose initially began working for Memorial Park Funeral Home in 1989.

8. Ms. Ambrose obtained her Funeral Director's license in 1992 and in the same year began working as a Funeral Director for Memorial Park Funeral Home where her duties included, among other things, coordinating funerals and assisting families with planning and implementing funeral arrangements.

9. Ms. Ambrose had over twenty years of service with Memorial Park Funeral Home and was a dedicated employee. Many of the Funeral Home's customers appreciated Ms. Ambrose and asked for her specifically to assist them in their time of need.

10. Defendant NorthStar purchased the Memorial Park Funeral Home in 2007.

11. Defendant NorthStar's managers include General Manager Dennis Hamilton, Funeral Home Manager Jason Dixon and Phillip Hamilton, Manager of the Funeral Chapel. Phillip Hamilton is the brother of General Manager Dennis Hamilton.

12. Beginning in the spring of 2010, Ms. Ambrose was no longer assigned to assist families with planning and implementing funeral arrangements, but was assigned to go through all customer files, check balances, check insurance and perform other duties unrelated to the typical duties of a Funeral Director.

2

13. At various times during her employment, Manager Phillip Hamilton made multiple offensive statements regarding her age and said, among other things, "If we got rid of all the old people here we would be better off." Phillip Hamilton also told Ms. Ambrose that she, and two older employees, Sharon Berry, who is in her late 60's, and Rachel Zurich, who is in her 70's, need to be admitted to the Bright Glade Nursing home in Memphis. Manager Phillip Hamilton made various age-based, harassing comments which were offensive to Ms. Ambrose.

14. In or around May 2010, Ms. Ambrose had lunch with Funeral Home employee Donna Ammons and Ms. Ammons informed her that Managers Phillip Hamilton and Jason Dixon said that they did not want Ms. Ambrose assisting families with planning and implementing funeral arrangements, and that Mr. Dixon would not assign new customer families to Ms. Ambrose. Although no member of management had provided confirmation, Ms. Ambrose came to believe that she was not going to be allowed to perform the duties of a Funeral Director.

15. In or around August 2010, Ms. Ambrose asked General Manager Dennis Hamilton whether she was being excluded assisting families with planning and implementing funeral arrangements. General Manager Dennis Hamilton replied that it was true and that she could no longer assist families with planning and implementing funeral arrangements.

16. On or about November 12, 2010, Ms. Ambrose met with John Renfroe, a Regional Manager for NorthStar with authority over multiple NorthStar funeral homes, including the Memorial Park Funeral Home. At that time, Ms. Ambrose questioned Mr. Renfroe about this matter and she complained to him about the repeated, offensive, harassing age-biased comments which had been made to her. Ms. Ambrose made Mr. Renfroe aware of these comments and complained to Mr. Renfroe about how she was being treated because of her age.

17. The following week after Ms. Ambrose's meeting with Mr. Renfroe, a representative from NorthStar's Human Resources department traveled to Memorial Park Funeral Home and showed a videotape regarding discrimination and diversity in the workplace.

18. The very next week, Ms. Ambrose was on vacation and General Manager Dennis Hamilton telephoned her and asked her to come back from vacation in order to meet with him. Ms. Ambrose complied with this request, and on November, 23, 2010, she met General Manager Dennis Hamilton at the Fox and Hound restaurant in Memphis for lunch. After lunch, Dennis Hamilton asked Ms. Ambrose what she wanted to do at the Funeral Home. Ms. Ambrose responded that she wanted to continue working as a Funeral Director and assisting families with planning and implementing funeral arrangements, as she had done previously. Mr. Hamilton then told her that it might be possible for her return to her previous duties but, if she did, he would issue her written warnings for supposed mistakes that she had at work two (2) years earlier, in 2008. In addition, she was told if she ever made one more mistake at work, she would be immediately terminated. As an alternative, General Manager Dennis Hamilton offered her a severance payment if she would leave her employment. When Ms. Ambrose asked for General Dennis Manger Hamilton's honest opinion about what she should do, he told Ms. Ambrose that it would be best for her to leave, and that he would be presenting her with a separation agreement.

19. On or about November 29, 2010, Ms. Ambrose was given a severance agreement to review.

20. Also on or about November 29, 2010, before Ms. Ambrose had signed any severance agreement and without tendering a resignation, a memo was circulated to all Memorial Park employees stating that Ms. Ambrose was retiring effective December 1, 2010. Ms. Ambrose did not resign and she certainly did not voluntarily retire. Defendant involuntarily

4

terminated the employment of Ms. Ambrose because of her age, and in retaliation for her making complaints to Defendant of age discrimination, and Defendant falsely claimed that she had retired. Ms. Ambrose was 67 years old at the time she was terminated from employment by Defendant.

21. When Ms. Ambrose received the memo, she began packing up her things because she regarded the memo as her termination from employment with Defendant.

## CAUSES OF ACTION

22. Paragraphs 1 through 21 are incorporated herein by reference as though specifically set forth herein.

23. Ms. Ambrose is a member of a protected class under the Tennessee Human Rights Act ("THRA").

24. Defendant's actions constitute unlawful and intentional discrimination on the basis of age in violation of the THRA. Defendant NorthStar is vicariously liable for all actions of its employees.

25. Defendant discriminated and/or aided or abetted in the discrimination against Ms. Ambrose on the basis of her age in violation of the THRA.

26. Defendant discriminated and/or aided and abetted in the unlawful discrimination against Ms. Ambrose on the basis of her age by subjecting her to a hostile work environment in which offensive age related comments were employed in violation of the THRA.

27. Defendant discriminated and/or aided and abetted in the discrimination against Ms. Ambrose by subjecting her to unlawful retaliation by terminating her after she complained to John Renfroe about being subjected to offensive age related comments and harassment in violation of the THRA.

28. Defendant's threat to discipline Ms. Ambrose in late 2010 for events that supposedly occurred back in 2008 is a pretext for discrimination. Defendant's real intention was to terminate Ms. Ambrose because of her age, and that is exactly what Defendant did.

29. Ms. Ambrose did not voluntarily retire, but was involuntarily terminated by Defendant because of her age and/or in retaliation for her complaints of age-based harassment and discrimination by Defendant's Managers. Defendant falsely claimed that Ms. Ambrose voluntarily retired.

30. As a direct and proximate result of Defendant's actions and conduct, Ms. Ambrose suffered, will suffer, and is suffering damages, including but not limited to, lost wages and benefits, loss of prestige, loss of professional opportunities, and other pecuniary losses. The actions have also caused Ms. Ambrose to suffer deep pain, embarrassment, humiliation, anxiety and emotional distress. The unlawful actions of Defendant complained above were intentional, malicious and taken with a reckless disregard for the rights of Ms. Ambrose.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Ms. Ambrose respectfully prays that the Court cause service to issue in this cause upon Defendant NorthStar and that this matter be set for trial. Upon trial by jury, Ms. Ambrose prays that the following relief in excess of $500,000.00 be granted:

1. That judgment be entered for Ms. Ambrose in an amount to be determined at trial for backpay, loss of benefits and other pecuniary losses proximately caused by Defendant's unlawful acts;

2. Award Ms. Ambrose reinstatement or front pay in lieu thereof against Defendant in an amount to be determined at trial;

3. Award Ms. Ambrose compensatory damages against Defendant in an amount to be determined at trial;

4. Award Ms. Ambrose all costs, disbursements, expert witness fees, and reasonable attorneys' fees; and,

5. Award Ms. Ambrose such further relief as is deemed just and proper.

Respectfully submitted:

JAMES M. SIMPSON, BPR 015023
SHAWN R. LILLIE, BPR 014939
ALLEN, SUMMERS, SIMPSON, LILLIE &
GRESHAM, PLLC
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38120
Telephone:  (901) 763-4200
Facsimile:    (901) 684-1768

ATTORNEYS FOR PLAINTIFF